24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Behzad RAZMJOUY, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70361.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided May 17, 1994.
 
 Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Behzad Razmjouy is a native and citizen of Iran who has filed an application for political asylum in this country pursuant to 8 U.S.C. Sec. 1158(a). He contends that he holds political and religious beliefs that the Iranian government will not tolerate, and that he has a reasonable fear of persecution in Iran because (1) he has publicly opposed the Iranian government both in West Germany as a student and in this country, (2) he is not a Muslim and rejects the Islamic religion, (3) he left Iran illegally in 1985 after returning for a few weeks to visit his seriously ill father, and (4) he has adopted a western life style and is married to a United States citizen.
 
 
 3
 On appeal, Razmjouy argues that even if these four factors do not individually support a well-founded fear of persecution, the BIA erred by not considering the cumulative effect of the four factors along with the "general atmosphere of this extreme oppression in Iran." We may reverse the BIA's decision only if "the evidence presented ... was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992); see also INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992).
 
 
 4
 It is clear that the Iranian government has not persecuted Razmjouy in the past. He has been detained by the government only once, due to his failure to serve in the Iranian military. Detention for this reason does not constitute "persecution." Abedini, 971 F.2d at 191-92; see also De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). Razmjouy may still be eligible for political asylum, however, if he has proven that he reasonably fears future persecution on one of the four enumerated grounds, or because of their cumulative effect. Although it may have been preferable had the BIA specifically referred to the cumulative effect of the various grounds, we conclude that the BIA did not clearly err in holding that petitioner had not met this burden.
 
 
 5
 Petitioner did provide some evidence that political dissenters may be subject to various forms of persecution in Iran, and that he himself possesses political and religious beliefs that are opposed to those of the Iranian government. However, even in combination, petitioner's evidence is not so compelling that a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Elias-Zacarias, 112 S.Ct. at 815. This is particularly true, given that petitioner's father and two sisters, all of whom share his political and religious beliefs, are currently residing peacefully in Iran. We see no basis for reversing the decision of the BIA.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3